Where an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that the customer is to have the right to control the manner or means of performing the work, such employee in doing that work is an employee of the customer within the meaning of the Workmen's Compensation Act; and, where such customer has complied with the provisions of the Workmen's Compensation Act, he will not be liable to respond in damages for any injury received by such employee in the course of or arising out of that work for such customer. (Section 35 of Article II of the Constitution and Section 4123.74, Revised Code, applied.)

Judgment affirmed.

Zimmerman, Matthias, O'Neill, Schneider and Brown, JJ., concur.

Herbert, J., dissents.

38908.   State, ex rel., Corrigan, Pros. Atty., appellee v. Hensel, appellant.

Herbert, Judge.

A person, whose private vocation is that of owner and manager of a teachers' placement agency, duly elected to office as a member of a local board of education and who continues in said private occupation after his election, will not be ousted from said elective office by quo warranto, on the ground that by reason of his pirvate occupation he might possibly or could secure personal monetary benefits by using his public office in a wrongful manner, it being established by the evidence that said person had not committed, nor was he about to commit, any act or acts in violation of law or violative of his oath of office.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, O'Neill, Schneider and Brown, JJ., concur.